JACOB COUTIERI v. MAYOR AND COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK.

1. An act which regulates the salaries of certain city officers, which is, and never can be, applicable to but a single city, is unconstitutional.
2. Such act is void, as it is a special and local act.
3. It is also void when in its title it declares its purpose is "to fix and regulate the salaries of city officers in cities of this state," such purpose being misdescribed, as its purpose is to regulate the salaries of officers in a single city.

In debt.

Argued at November Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, REED and MAGIE.

For the plaintiff, *George Berdine.*

For the defendant, *Howard MacSherry.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit is brought by the plaintiff for certain sums of money alleged to be due to him for his salary as president of the common council of the city of New Brunswick. The pleadings admit that the moneys thus claimed can be recovered unless the plaintiff was deprived of the right to such salary by the act of the legislature approved March 19th, 1878. *Pamph. L., p.* 145.

The act in question is entitled " An act to fix and regulate the salaries of city officers in cities of this state," the first section, and which is the only one pertinent, being in these words, viz.: "That hereafter it shall not be lawful for the mayor or the members of common council, or the aldermen of any of the incorporated cities of this state which, according to the last census, have less than twenty thousand inhabitants and not less than fifteen thousand inhabitants, to be paid or to receive any salary or compensation or allowance of any sort, for their services as such city officers respectively."

The state of the case admits " that the city of New Brunswick is the only incorporated city of this state which, according to the last census, had less than twenty thousand inhabitants and more than fifteen thousand inhabitants," and that the act just mentioned applies to the city of New Brunswick alone.

It is also to be observed that the statute in question can never apply to any other city.

The constitutionality of this law was the single matter which, in this case, was laid before the court for decision.

The subject will be disposed of in a few words, for this statute stands in clear antagonism with two distinct provisions of the constitution.

*First.* By the fourth clause of section 7 of article IV. of the constitution, it is declared that " every law shall embrace but one object, and that shall be expressed in the title."

The title of the present act is " An act to fix and regulate the salaries of city officers in cities in this state," and that title is an utter misstatement of the object of the act, which was to fix and regulate, exclusively, the salaries of the officers of the city of New Brunswick. The purpose of the constitution in this requirement is to prevent frauds upon legislation by means of false and deceptive titles to statutes. In this instance the title is both false and deceptive; false, as it imports a regulation of a class of cities, when in truth it is applicable to a single city ; deceptive, because no one, on reading such title, could reasonably understand that the body of the act was to have so limited an effect.

On this ground this act cannot be enforced.

*Second.* It is likewise unconstitutional, as it is a special local law regulating the affairs of a city.

The language of the act, intrinsically considered, would seem to indicate an intent to legislate for a class of cities, but when the law is applied to its subject matter, it is plain that such was not its purpose. We must judge of the legislative object, when the language used is not uncertain, by the practical result of the law which has been enacted, and, by

this standard of judgment, it is not possible to deny that this statute was meant to apply to the city of New Brunswick alone, and that it was likewise meant that it should never be applicable to any other city of the state. The description in this act of a supposed class of cities, by a reference to population, is a mere form of words, elusive in this—that while it seems to take in a number of cities, it embraces but a single one, for such description, when it is looked into, designates the city of New Brunswick by these numerals just as plainly as could have been done by the use of the alphabet. According to the principles heretofore adopted by this court in reference to this class of cases, such an act cannot stand.

The plaintiff is entitled to judgment.